### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GOVINDBHAI PATEL and POPATLAL PATEL d/b/a COUNTY LINE QUICK SHOP<br>          Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>          Defendant. | )<br>)<br>)<br>)<br>) CIVIL NO. 12-252-GPM<br>)<br>)<br>)<br>)<br>) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

      This matter is before the Court on amended motion to dismiss filed by Defendant, United States of America (Doc. 4). Plaintiff filed this case in the Third Judicial Circuit Court for the State of Illinois, Madison County; the matter was subsequently removed to the United States District Court for the Southern District of Illinois by the Government on March 22, 2012 (Doc. 2). Service of process was never made upon the United States Attorney; rather the Government became aware of this case when service was made at the United States Department of Agriculture in Alexandria, Virginia on or about February 22, 2012 (Doc. 2).

      To this date, Plaintiff has done nothing to prosecute this lawsuit. The matter has sat idle on the Court's docket. On March 18, 2013, the Government filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 4(i), 4(m), and 12(b)(5). Plaintiff did not file a response to the Government's motion to dismiss. On April 24, 2013, the Government then filed an amended motion to dismiss, which simply elaborates on the previously filed motion (Doc. 4). To this date,

Plaintiff has still not responded to either of the Government's motions.

Federal Rule of Civil Procedure 4(i) governs the method for which a party must properly serve the United States or its agencies, which normally is accomplished by delivering a copy of the summons and of the complaint to the United States Attorney for the district where the action is brought.  *See* FED. R. CIV. P. 4(i).  Federal Rule of Civil Procedure 4(m) directs that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice . . . ."  FED. R. CIV. P. 4(m).

Plaintiff has failed to properly serve the Government, and to this date has not even attempted to correct service of process.  Plaintiff's insouciance toward Federal Rule of Civil Procedure 4 certainly warrants dismissal of this action.  However, under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  FED. R. CIV. P. 41(b).  "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication *on the merits*."  *Id*. (emphasis added).

As previously noted, Plaintiff has failed to prosecute this lawsuit in any manner.  Accordingly, pursuant to Federal Rule of Civil Procedure 4, this case is **DISMISSED**.  Because of Plaintiff's utter neglect in prosecuting this case, Federal Rule of Civil Procedure 41(b) allows a dismissal with prejudice.  *See James v. McDonalds Corp.,* 417 F.3d 672, 681 (7th Cir. 2005) ("Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as

current as humanly possible.") (internal citations and quotations omitted). This case is **DISMISSED with prejudice**. The Clerk of the Court is **DIRECTED** to **CLOSE** this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED**: April 26, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge